The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. A DOC administrative remedy form dated April 22, 1996 was marked as exhibit 1 and received into evidence.
2. A set of documents beginning with a letter from Phillip Hopkins was marked as exhibit 2 and received into evidence.
3. An administrative segregation report marked as exhibit 3 was received into evidence.
4. A protocol sheet dated January 30, 1997 was marked as exhibit 4 and received into evidence.
5. A protocol sheet dated March 3, 1995 was marked as exhibit 5 and received into evidence.
6. A set of standard operating procedures for medical and dental services marked as exhibit 6 was received into evidence.
7. A DOC administrative remedy form dated July 5, 1996 was marked as exhibit 7 and received into evidence.
8. Medical records marked as exhibit 8 were received into evidence.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission makes additional findings of fact and adopts the findings of fact by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. On March 16, 1996, the plaintiff was incarcerated at the Southern Correctional Institution in Troy, North Carolina and had been incarcerated at that facility since February 1996.
2. Plaintiff testified that he approached the medical cart on March 16, 1996 and asked that the attending nurse, Nurse Gwen Poole, check his temperature because he felt he had a fever. Nurse Poole did not check the plaintiff's temperature at that time because thermometers were not kept on the medical cart. Plaintiff was instructed to return to medical call at 8:30 p.m.
3. Plaintiff returned to medical call at 8:35 p.m., and his temperature was checked. Plaintiff's temperature measured 103.6, and he was given some Tylenol to alleviate the fever. Additionally, plaintiff was instructed to return at 10:00 p.m. to be checked further.
4. After plaintiff was checked at 8:35 p.m., he returned to his cell where he fell asleep. Plaintiff subsequently slept through the 10:00 p.m. medical call until he woke up around 12:45 a.m. feeling sick. Plaintiff's cell did not have bathroom facilities, so he tried to summon the guards so that he could use the bathroom. The guards found the plaintiff lying in his cell unconscious with a laceration in his forehead. Plaintiff was taken to the Montgomery Memorial Hospital emergency room where he received three sutures to close his wound.
5. Plaintiff alleges that he should have been placed on twenty-four hour medical observation after it was discovered that he had a temperature of 103.6, but the medical evidence fails to show that plaintiff's condition warranted referral to a medical physician. According to the stipulated Nurses Protocol, plaintiff had to exhibit at least three other symptoms in order to be referred to a medical physician.
6. There is insufficient expert medical evidence of record to support a finding that Nurse Gwen Poole did not possess the degree of professional learning, skill, and ability possessed by others with similar training and experience situated in the same or similar communities at the time of the alleged act.
7. There is insufficient expert medical evidence of record to support a finding that Nurse Gwen Poole and/or any other healthcare provider did not exercise reasonable care and diligence, in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged negligent act, in the application of their knowledge and skill to the plaintiff's case.
8. There is insufficient expert medical evidence of record to support a finding that Nurse Gwen Poole and/or any other healthcare provider did not use their best judgment in the treatment and care of the plaintiff.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that an agent, officer, employee or involuntary servant of the Department of Correction committed a negligent act while acting within the scope of his office, employment, service agency or authority that resulted in any damages to plaintiff. N.C. Gen. Stat. § 143-291(a).
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DENIED.
2. Each side shall bear its own costs.
 ***********
This the ___ day of November 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ CHRISTOPHER SCOTT COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER